# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RONALD L. MCNINCH, on behalf of himself, *Pro Se*,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM and THE HONORABLE LOU LEON GUERRERO, personally and in her official capacities, together with all others similarly situated,<br><br>Defendants. | CIVIL CASE NO. 25-00034<br><br>**ORDER**<br>Permitting Filing of Second Amended Complaint, Continuing Scheduling Conference and Denying Motion to Adjust Schedule (ECF No. 18) |

On August 22, 2025, the Plaintiff filed a Complaint herein, followed by the filing of an Amended Complaint on October 24, 2025. *See* ECF Nos. 1 and 5. The captions of the Complaint and Amended Complaint listed the following Defendants: "Guam and the Honorable Lou Leon Guerrero, personally and in her official capacities, together with all others similarly situated." *Id.*

On November 13, 2025, the Plaintiff filed a Second Amended Complaint (the "SAC"), which named "Guam, the Guam Election Commission, the Democratic Party of Guam and the Republican Party of Guam" as defendants. *See* ECF No. 8.

On November 14, 2025, the court issued an Order to Show Cause, directing the Plaintiff to show cause why the court should not strike the SAC from the docket for failure to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Order to Show Cause, ECF No. 11.

On November 18, 2025, the Plaintiff filed his Response to the Order to Show Cause. *See* Resp., ECF No. 12. The Plaintiff stated that he "and the Defendants' [a]ttorney mutually

discussed . . . and agreed that the Governor should be removed as a party and that the Plaintiff would amend the complaint to add the other parties." *Id.* at 1. The Plaintiff acknowledged that "this was not made clear in the SAC filing" and that the "Defendants' [a]ttorney has offered to make a filing . . . to reflect this point." *Id.*

On November 20, 2025, the Defendant Government of Guam[1] filed an Amended Response to the Plaintiff's Response to the Order to Show Cause, stating that it "has no objection to the filing of the [SAC]." *See* Gov't of Guam Am. Resp. at 2, ECF No. 16. Defendant Government of Guam asked the court to "dismiss the complaint as to Governor Leon Guerrero with prejudice [and] permit adjudication of the [SAC]." *Id.*

On November 21, 2025, Defendant Governor Leon Guerrero filed an Amended Response to the Plaintiff's Response to the Order to Show Cause, stating that she "has no objection to the filing of the [SAC] removing her as a party to this action." *See* Governor's Am. Resp. at 2, ECF No. 17. Defendant Governor Leon Guerrero also requested that the court "dismiss the complaint" as to her "with prejudice." *Id.*

Because the Government of Guam and Governor Leon Guerrero – defendants named in the Amended Complaint – have now consented to the filing of the SAC pursuant to Rule 15(a)(2), the court deems the SAC to now be the operative pleading. The court orders the Plaintiff to promptly serve the defendants identified in the SAC.

With regard to the requests to dismiss the prior Complaint and Amended Complaint, the court denies said requests as moot. As the Supreme Court has instructed,

> If a plaintiff amends her complaint, the new pleading "supersedes" the old one: The "original pleading no longer performs any function in the case." 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636-637 (3d ed. 2010). Or as we put the matter over a century ago: "When a petition is amended," the "cause proceeds on the amended petition." *Washer v. Bullitt County*, 110 U.S. 558, 562 (1884). So changes in parties, or changes in claims, effectively remake the suit.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (parallel citations omitted).

---

[1] In the amended response, the Assistant Attorney General stated that defendant Government of Guam was "incorrectly named 'Guam'" when it was listed as a defendant. *See* Gov't of Guam Am. Resp. at 1, ECF No. 16.

The Ninth Circuit has also stated that "[i]t is well-established in our circuit that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927-28 (9th Cir. 2012)). Accordingly, the SAC supersedes the original Complaint and the Amended Complaint, and said prior pleadings no longer perform any function in this case.

Finally, in light of the current posture of the case, the court continues the scheduling conference set for December 18, 2025, to February 5, 2026, at 10:15 a.m. The parties are ordered to file a Scheduling and Planning Conference Report on or before January 9, 2026. The Plaintiff's Motion to Adjust Schedule, ECF No. 18, is denied as moot.

IT IS SO ORDERED.



**/s/ Michael J. Bordallo**
   **U.S. Magistrate Judge**
**Dated: Dec 17, 2025**